IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **AGNES BERNICE HOLBROOK,** ) | Civil Action No. 7:12-cv-00380 | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | **MEMORANDUM OPINION** | |
| ) | | |
| **HONORABLE JUDGE JONES, et al.,** ) | By: Hon. Michael F. Urbanski | |
| Defendants. ) | United States District Judge | |

Agnes Bernice Holbrook, a Virginia inmate proceeding pro se, filed a civil action pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, et seq., and Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), with jurisdiction vested in 28 U.S.C. § 1331.  Plaintiff names as defendants the Honorable Judge Jones, United States District Judge for the Western District of Virginia, and "Unknown Persons at the Federal Prosecutors' Office."  This matter is before the court for screening, pursuant to 28 U.S.C. § 1915A.  After reviewing plaintiff's submissions, the court dismisses the claims against Judge Jones with prejudice and the claims against Unknown Persons at the Federal Prosecutors' Office without prejudice.

**I.**

Judge Jones entered plaintiff's federal amended criminal judgment on August 29, 2006, ordering plaintiff's federal sentence to run concurrently with a previously-imposed state sentence, and remanded her into the custody of federal officials.  United States v. Holbrook, No. 2:01-cr-10023 (W.D. Va.).   Federal officials transferred Plaintiff into the custody of the Virginia Department of Corrections ("VDOC") after she completed her federal sentence.  Plaintiff alleges that Unknown Persons at the United States Attorney's Office for the Western District of Virginia subsequently called VDOC officials and convinced VDOC officials to not apply sentence credit

to her state sentence for the time she spent in federal custody. Plaintiff concludes that the Unknown Persons interfered with her state sentence and that Judge Jones' negligence of remanding her into the custody of federal officials, instead of state officials, is causing her to be unnecessarily incarcerated for ninety additional months. Plaintiff requests $7.5 million from each defendant.

## II.

The court must dismiss any action or claim filed by an inmate if the court determines that the action or claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting a plaintiff's factual allegations as true. A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). A plaintiff's basis for relief "requires more than labels and conclusions . . . ." Id. Therefore, a plaintiff must "allege facts sufficient to state all the elements of [the] claim."[1] Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003).

---

[1] Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009). Thus, a court screening a complaint under Rule 12(b)(6) can identify pleadings that are not entitled to an assumption of truth because they consist of no more than labels and conclusions. Id. Although the court liberally construes pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), the court does not act as an inmate's advocate, sua sponte developing statutory and constitutional claims not clearly raised in a complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274,

Judge Jones is entitled to absolute immunity to both the <u>Bivens</u> and FTCA claims for any act or omission while presiding over plaintiff's criminal proceedings. <u>Chu v. Griffith</u>, 771 F.2d 79, 81 (4th Cir. 1985) (citing <u>Bradley v. Fisher</u>, 80 U.S. (13 Wall.) 335 (1872)). "[J]udges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." <u>Stump v. Sparkman</u>, 435 U.S. 349, 355-56 (1978). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." <u>Id.</u> Accordingly, plaintiff's claims against Judge Jones are dismissed as frivolous.

Plaintiff cannot proceed with FTCA claims about the acts of Unknown Persons at the Federal Prosecutors' Office until she exhausts administrative remedies. <u>See</u> 28 U.S.C. § 2401(b) (requiring a tort claim to be barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues); <u>United States v. Orleans</u>, 425 U.S. 807, 814 (1976) (recognizing that the United States cannot be sued without a waiver of its sovereign immunity). Plaintiff also cannot proceed against Unknown Persons at the Federal Prosecutors' Office as a group via a <u>Bivens</u> action. <u>See, e.g.</u>, <u>Ferguson v. Morgan</u>, No. 1:90cv06318, 1991 U.S. Dist. LEXIS 8295, 1991 WL 115759, at *1 (S.D.N.Y. June 20, 1991) (concluding that the Medical Staff is not a person for purposes of a § 1983a action). <u>See also</u> <u>Farmer v. Brennan</u>, 511 U.S. 825, 839-40 (1994) (finding that case law involving § 1983 claims is applicable in <u>Bivens</u> actions and vice versa). To the extent plaintiff names Unknown Persons at the Federal

---

1278 (4th Cir. 1985). <u>See also</u> <u>Gordon v. Leeke</u>, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that a district court is not expected to assume the role of advocate for a <u>pro se</u> plaintiff).

Prosecutors' Office as unknown individuals, plaintiff fails to allege how the Unknown Persons engaged in unconstitutional conduct because plaintiff admits that VDOC officials, not federal officials, calculated the release date for her state sentence.  Furthermore, plaintiff cannot rely on the mere invocation of the Fourth, Fifth, Eighth, and Fourteenth Amendments to state a viable Bivens claim.  See Twombly, 550 U.S. at 555 (requiring a basis for relief to be more than labels and conclusions).

### III.

For the foregoing reasons, the court dismisses the claims against the Honorable Judge Jones as frivolous and dismisses the claims against Unknown Persons at the Federal Prosecutors' Office without prejudice for failing to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A(b)(1).

The Clerk is directed to send copies of this Memorandum Opinion and the accompanying Order to plaintiff.

Entered:  October 15, 2012

*/s/ Michael F. Urbanski*

Michael F. Urbanski
United States District Judge